UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC., Four Limited Parkway Reynoldsburg, Ohio 43068, | : : : : : : | |
| Plaintiff, | : : | Civil Action No.: 2:15-cv-2572 |
| v. | : : | Judge: |
| SKREENED, LTD., 2887 Silver Drive Columbus, Ohio 43211 | : : : : | Jury Trial Demanded |
| Defendant. | : : : : : | |

**VERIFIED COMPLAINT FOR TRADEMARK INFRINGEMENT, COUNTERFEITING, UNFAIR COMPETITION, DILUTION AND VIOLATION OF STATE STATUTE AND COMMON LAW**

VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC. ("Victoria's Secret" or "Plaintiff") by and through its attorneys, brings this action for federal trademark infringement, counterfeiting, unfair competition and dilution, and violations of Ohio state law, and alleges against SKREENED, LTD. ("Skreened" or "Defendant") as follows:

**NATURE OF THE ACTION**

1. Victoria's Secret, a subsidiary of L Brands, Inc., is an acknowledged innovator and category leader in the women's apparel industry. By this action for trademark infringement and related causes, Plaintiff seeks an injunction, damages, and other relief as a result of Defendant's promotion, manufacturing, sale and distribution of women's apparel and other

products using knockoffs and/or counterfeits of Plaintiff's well-known trademarks, including "VICTORIA'S SECRET", "VS," "VICTORIA'S SECRET ANGELS," "PINK," and "LOVE PINK." Through the operation of its online "print-on-demand" service, www.skreened.com, Defendant has intentionally infringed Plaintiff's rights in a concerted, ongoing attempt to hijack the substantial brand awareness and goodwill associated with Plaintiff's products and trademarks, and to deceive and cause confusion among the buying public, all to Plaintiff's great and irreparable harm.

## THE PARTIES

2. Plaintiff Victoria's Secret is a Delaware corporation with its principal offices at Four Limited Parkway, Reynoldsburg, Ohio 43068, and is qualified to do business and is doing business in the State of Ohio and in this judicial district.

3. On information and belief, Defendant Skreened, Ltd. is an Ohio limited liabililty company having its headquarters at 2887 Silver Drive, Columbus, Ohio 43211, and is transacting business in the State of Ohio and in this judicial district.

## JURISDICTION AND VENUE

4. Count I herein arises under the laws of the United States prohibiting infringement of federally registered trademarks, specifically the Lanham Act, 15 U.S.C. § 1114. Count II is for trademark counterfeiting under 15 U. S.C. § 1116(d)(1)(B). Count III is for unfair competition and infringement of unregistered trademarks in violation of 15 U.S.C. § 1125(a). Count IV is for trademark dilution in violation of 15 U.S.C. § 1125(c). Count V is for deceptive trade practices in violation of Ohio Rev. Code § 4165.01 *et seq.* Count VI arises under Ohio common law prohibiting trademark infringement, dilution and unfair competition.

5. This Court has original jurisdiction over the subject matter of this action based on 15 U.S.C. § 1121, 28 U.S.C. § 1331, § 1338(a)-(b), as federal questions are presented. This

Court has jurisdiction over the state law claims asserted in Counts V and VI herein under 28 U.S.C. § 1367 and § 1338(b).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) and this Court has personal jurisdiction over Defendant because the Defendant conducts business within this district, the acts giving rise to the asserted claims are being committed within this district, and Plaintiff is suffering harm in this district.

## FACTS

### Plaintiff Victoria's Secret, Its Business and Trademarks

7. Plaintiff Victoria's Secret owns the famous "VICTORIA'S SECRET" trademark, used in connection with women's apparel, including intimate apparel, casual and sport/athletic apparel, beauty products, and a wide variety of other products and services. Victoria's Secret owns and operates over 1,000 VICTORIA'S SECRET retail stores throughout the United States, including within this judicial district. Victoria's Secret also distributes the well-known VICTORIA'S SECRET Catalogue, operates the highly successful website, www.victoriassecret.com, and produces the acclaimed Victoria's Secret Fashion Show, a televised event featuring the "Victoria's Secret Angel" supermodels, that has become an annual highlight of the fashion industry.

8. Plaintiff has used "VICTORIA'S SECRET" and various formatives (including the following registered marks: the acronym "VS," the distinctive VS logo , and "VICTORIA'S SECRET ANGELS") as trademarks (collectively, the "VICTORIA'S SECRET Marks") since as early as 1977, in connection with women's apparel and a variety of other products and services.

3

9. Plaintiff has used the trademark VICTORIA'S SECRET <u>PINK</u> since as early as 2001, in connection with women's apparel and a variety of other products and services. Over the years, Plaintiff has actively used and promoted a growing family of trademarks comprised of or containing the word "PINK" (the "PINK Marks").

10. Among Plaintiff's most popular PINK-branded products are those bearing the trademark PINK itself, the PINK mark rendered in "Collegiate Style" lettering **PINK** and basic all capitals with pink lettering **PINK** and **PINK**, and trademark phrases and logos such as "VICTORIA'S SECRET PINK," "LOVE PINK," , , and .

11. Plaintiff's products bearing the PINK Marks include intimate apparel such as bras and panties, casual apparel such as t-shirts, sweat pants, leggings and hoodies, swimwear, beauty and personal care products, and a wide variety of fashion accessories and gift items such as tote bags, cell phone cases and water bottles, among many others.

12. Plaintiff's products bearing the PINK Marks are sold through Plaintiff's website and catalogs, in VICTORIA'S SECRET retail stores, including dedicated "PINK" store sections, and in dozens of standalone "PINK" retail stores.

13. Plaintiff has extensively promoted products bearing the PINK Marks in traditional and social media, including on Facebook (where the brand has over 14.9 million "likes"), Twitter, Pinterest, Instagram and YouTube. Moreover, for many years, popular national publications such as *Seventeen*, *People* and *Cosmopolitan* have featured PINK-branded products in fashion editorials, and the PINK brand has been covered in mainstream news and business

4

publications including *The New York Times*, *Newsday*, *The Boston Herald*, *The Chicago Sun-Times* and *The Columbus Dispatch*, among many others.

14.     Plaintiff's website has a dedicated "PINK" section, which promotes "PINK NATION," an online community whose members have access to special offers and events. Customers may also join PINK NATION by downloading iPad and phone "apps," gaining access to additional branded experiences, activities, interactions and e-commerce opportunities.  PINK NATION has over 9.5 million registered members and is growing daily.

15.     Plaintiff actively promotes its PINK Marks on college campuses throughout the country, with the assistance of campus representatives, and by organizing promotional events featuring high profile musical acts and other celebrities.

16.     Plaintiff maintains a strong commitment to offering only the highest quality products, and closely controls the development, sourcing and production of all products bearing the VICTORIA'S SECRET Marks and PINK Marks.

17.     Plaintiff also closely controls the distribution and sale of its products.  Plaintiff's products are not available through any third party website, catalog or retail location.

18.     As a result of Plaintiff's promotional efforts, and its commitment to quality, the VICTORIA'S SECRET Marks and PINK Marks have become highly successful and exceedingly well known.  In December 2012, the fashion trade journal *Women's Wear Daily* ranked VICTORIA'S SECRET as the # 1 most recognized fashion brand in the country, based on a survey of women aged 13 to 64.  In the same survey, Plaintiff's PINK brand was ranked among the Top 100 most recognized fashion brands in the U.S., at # 94.

19.     In 2014, Plaintiff's annual revenues under its VICTORIA'S SECRET and PINK Marks exceeded $6 billion.

20. Examples of Plaintiff's current products bearing the VICTORIA'S SECRET Marks and PINK Marks, as offered on Plaintiff's website, are attached as **Exhibit A** hereto.

21. Plaintiff has sold various other products and designs using the VICTORIA'S SECRET Marks and PINK Marks over the years, and the attached examples in **Exhibit A** are meant to provide only a sample of Plaintiff's current offerings.

22. Plaintiff owns numerous U.S. trademark registrations and applications for the VICTORIA'S SECRET Marks and PINK Marks, including those listed in **Exhibit B** hereto.

**Defendant Skreened and Its Infringing Acts**

23. Defendant Skreened through its website, www.skreened.com, operates an online print-on-demand service through which customers purchase a wide variety of products imprinted by or under the direction of Defendant, with graphic designs offered on Defendant's site.

24. Among the designs offered on Defendant's website are those that are comprised of or contain Plaintiff's VICTORIA'S SECRET Marks or PINK Marks, or designations that are confusingly similar thereto (the "Infringing Designs").

25. Among the products offered on Defendant's website are those that compete directly with Plaintiff, such as casual apparel including t-shirts, tank tops, sweatshirts and hoodies, and tote bags.

26. When a visitor to Defendant's website selects an Infringing Design and the desired product type, Defendant fulfills the order by processing and facilitating payment for the imprinting of the Infringing Design onto a product "blank" (creating an "Infringing Product"), and the shipping of the finished product.

27. Examples of the Infringing Designs offered on Defendant's website are attached as **Exhibit C** hereto.

28. On information and belief, Defendant has promoted, sold, and facilitated the imprinting and shipping of Infringing Products bearing the Infringing Designs shown in **Exhibit C**.

29. On information and belief, Defendant has promoted, sold, and facilitated the imprinting and shipping of Infringing Products bearing Infringing Designs in addition to those shown in **Exhibit C**.

30. Defendant competes unfairly with and violates Plaintiff's rights in various ways in addition to promoting, selling, and facilitating the imprinting and shipping of Infringing Products, as detailed below.

31. Defendant's website includes a "search" function that is activated when a customer inputs search terms to locate designs for imprinting and purchase. On information and belief, Defendant matches the search terms used by customers to the keywords, tags, or product descriptions used for available designs, to generate optimal search results.

32. On information and belief, Defendant's website recognizes and matches Plaintiff's VICTORIA'S SECRET Marks and/or PINK Marks as keywords, tags, or product descriptions used for available designs. For example, inputting the search term "LOVE PINK" into the search function yields more than 2,400 "results"—many of which are for Infringing Designs.

33. Defendant has no connection or affiliation with Plaintiff and is not authorized to use Plaintiff's VICTORIA'S SECRET Marks or PINK Marks.

34. On at least one occasion, in *The Ohio State University v. Skreened Ltd*, Case No. 2:12-cv-662 ("the Ohio State Litigation"), Defendant was sued for violating various Ohio State trademarks in the same manner as is alleged herein with respect to Plaintiff's trademarks.

35. In the Ohio State Litigation, on April 18, 2014, Judge Frost granted plaintiff's motion for summary judgment in part, holding that Defendant was liable for trademark infringement and counterfeiting, and entering a permanent injunction.

36. Despite the result in the Ohio State Litigation, Defendant continues to operate its print-on-demand business as alleged above.

## COUNT I

## TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT, 15 U.S.C. § 1114

37. Plaintiff repeats and realleges as if fully set forth herein the allegations of paragraphs 1 through 36 inclusive.

38. Defendant's acts complained of herein in regard to the Infringing Products infringe one or more of the Plaintiff's registered trademarks identified herein, as they are likely to lead the relevant trade and public to associate Defendant, and/or the products offered on Defendant's website, with Plaintiff's business, products and services, and are likely to cause confusion, mistake, or deception within the meaning of 15 U.S.C. § 1114.

39. Defendant's acts complained of herein are willful and done with the intention of causing confusion, mistake, or deception.

40. Defendant's acts complained of herein jeopardize the goodwill symbolized by Plaintiff's registered trademarks, causing serious and irreparable injury to Plaintiff, and a likelihood of such future harm, for which it has no adequate remedy at law.

## COUNT II

### COUNTERFEITING UNDER THE LANHAM ACT, 15 U.S.C. § 1116(d)(1)(B)

41. Plaintiff repeats and realleges as if fully set forth herein the allegations of paragraphs 1 through 40 inclusive.

42. Certain of Defendant's acts complained of herein constitute counterfeiting of Plaintiff's registered trademarks within the meaning of 15 U.S.C. § 1116(d)(1)(B).

43. Defendant's acts complained of herein are willful and done with the intention of causing confusion, mistake, deception, and other damage.

44. Defendant's acts complained of herein jeopardize the goodwill symbolized by Plaintiff's registered trademarks, causing serious and irreparable injury to Plaintiff, and a likelihood of such future harm, for which it has no adequate remedy at law.

## COUNT III

### UNFAIR COMPETITION UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a)

45. Plaintiff repeats and realleges as if fully set forth herein the allegations of paragraphs 1 through 44 inclusive.

46. Plaintiff's unregistered trademarks identified herein are inherently distinctive, or have acquired distinctiveness and secondary meaning.

47. Defendant's acts complained of herein constitute unfair competition and false designations of origin, as they are likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship or approval of Defendant, or its products, services or commercial activities in violation of Plaintiff's rights, within the meaning of 15 U.S.C. § 1125(a).

48. Defendant's acts complained of herein are willful and done with the intention of causing confusion, mistake, or deception, or otherwise competing unfairly with Plaintiff.

49. Defendant's acts complained of herein jeopardize the goodwill symbolized by the Plaintiff's unregistered trademarks, causing serious and irreparable injury to Plaintiff, and a likelihood of such future harm, for which it has no adequate remedy at law.

## COUNT IV

### DILUTION UNDER THE LANHAM ACT, 15 U.S.C. § 1125(c)

50. Plaintiff repeats and realleges as if fully set forth herein the allegations of paragraphs 1 through 49 inclusive.

51. Plaintiff's registered trademark, "VICTORIA'S SECRET," is distinctive and famous, and attained such status prior to Defendant's acts alleged herein.

52. Defendant's acts complained of herein are likely to cause dilution by blurring and/or dilution by tarnishment of Plaintiff's registered trademark, "VICTORIA'S SECRET," within the meaning of 15 U.S.C. § 1125(c).

53. Plaintiff has been damaged and deprived of the full value of its registered trademark, "VICTORIA'S SECRET," as a commercial asset, in an amount to be proven.

## COUNT V

### DECEPTIVE TRADE PRACTICES IN VIOLATION OF OHIO REV. CODE § 4165.01 *ET SEQ.*

54. Plaintiff repeats and realleges as if fully set forth herein the allegations of paragraphs 1 through 53 inclusive.

55. Defendant's acts complained of herein constitute unfair competition in violation of Ohio Rev. Code § 4165.01 *et seq.*

56. Defendant's acts complained of herein were committed willfully, knowingly, maliciously, and in conscious disregard of Plaintiff's rights.

57. Defendant's acts complained of herein have caused, and if not restrained by this Court, will continue to cause Plaintiff serious and irreparable injury for which Plaintiff has no adequate remedy at law.

## COUNT VI

## TRADEMARK INFRINGEMENT, DILUTION AND UNFAIR COMPETITION IN VIOLATION OF OHIO COMMON LAW

58. Plaintiff repeats and realleges as if fully set forth herein the allegations of paragraphs 1 through 57 inclusive.

59. Defendant's acts complained of herein constitute violations of the common law of Ohio, which prohibits trademark infringement, dilution and unfair competition.

60. Defendant has willfully engaged in acts of trademark infringement, dilution and unfair competition as alleged herein.

61. Defendant's acts of trademark infringement, dilution and unfair competition have caused, and if not restrained by this Court, will continue to cause Plaintiff serious and irreparable injury for which Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. For an injunction restraining Defendant, its officers, agents, licensees, assignees, successors, servants, employees, attorneys and all other persons in active concert or participation with them from:

    (1) manufacturing, designing, importing, offering, imprinting, selling, or distributing the Infringing Products, or any other product bearing Plaintiff's registered trademarks, unregistered trademarks, or any designation confusingly similar thereto;

    (2) advertising, displaying, or promoting any product or service by using Plaintiff's registered trademarks, unregistered trademarks, or any designation confusingly similar thereto, in any manner; or

    (3) holding out in any manner whatsoever, that Defendant, or its products or services, are in any way sponsored by, or associated or affiliated with Plaintiff, or Plaintiff's products or services.

  B. That Defendant be required to promptly file with the Court and serve upon Plaintiff a report, in writing and under oath, setting forth in detail the manner in which Defendant has complied with any injunction issued by the Court, pursuant to 15 U.S.C. § 1116(a).

  C. That Defendant be directed to deliver up to Plaintiff for destruction the products and all other materials of any nature whatsoever bearing Plaintiff's registered trademarks, unregistered trademarks, or any designation confusingly similar thereto, including products, designs, packaging materials, advertising or promotional materials, pursuant to 15 U.S.C. § 1118.

  D. That Defendant be required to make a detailed accounting to Plaintiff with respect to all transactions relating to its unlawful acts alleged herein, including: (1) its gross revenues resulting from such actions; and (2) its total profits generated, including a detailed explanation of any alleged deductions to be made in the calculation of profits.

    E.    That Defendant be directed to pay over to Plaintiff all gains, profits and advantages realized by Defendant from its unlawful acts alleged herein, pursuant to 15 U.S.C. § 1117.

    F.    That, if Plaintiff so elects, Defendant be directed to pay Plaintiff statutory damages in an amount not to exceed Two Million Dollars ($2,000,000) per counterfeit mark per type of goods or services sold, offered for sale, or distributed by Defendant, as the court considers just, pursuant to 15 U.S.C. § 1117(c)(2).

    G.    That Defendant be directed to pay to Plaintiff the costs of this action, reasonable attorney fees, and all damages suffered by Plaintiff in an amount to be determined at trial, plus interest as allowed by law, and that such damages be trebled pursuant to 15 U.S.C. § 1117, and/or that punitive damages be awarded pursuant to state law.

    H.    That Plaintiff have such other and further relief that the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims so triable.

Respectfully submitted by:

/s/ Keith Shumate

Dated: Columbus, Ohio  
July 6, 2015

Keith Shumate  (0056190)  
Heather Stutz  (0078111)  
Squire Patton Boggs  
2000 Huntington Center  
41 South High Street  
Columbus, Ohio 43215  
614.365.2700  
keith.shumate@squirepb.com  
heather.stutz@squirepb.com  

Kevin C. Parks

13

(*pro hac vice* admission pending)
Michelle L. Zimmermann
(*pro hac vice* admission pending)
Stella Brown
(*pro hac vice* admission pending)
Leydig, Voit & Mayer, Ltd.
180 North Stetson
Two Prudential Plaza, Suite 4900
Chicago, Illinois
312.616.5669
kparks@leydig.com

*Attorneys for Plaintiff*
VICTORIA'S SECRET STORES BRAND
MANAGEMENT, INC.

## **VERIFICATION**

Pursuant to 28 U.S.C § 1746, I declare under penalty of perjury that the allegations in the foregoing Verified Complaint for Trademark Infringement, Counterfeiting, Unfair Competition, Dilution and Violation of State Statute and Common Law are true and correct to the best of my knowledge.

Executed on July 6, 2015

Joseph Quigley
Vice President, Intellectual Property
Victoria's Secret Stores Brand
   Management, Inc.